

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT NEWPORT NEWS

| | |
|---|---|
| RON W. WALDEN JR., <br><br> Plaintiff, <br><br> v. <br><br> SEAWORLD PARKS & ENTERTAINMENT, INC., a Delaware Corporation, <br><br> Defendant. | Case No. 4:11-cv-0113 – MSD – FBS <br><br> **AGREED PROTECTIVE ORDER** |

In the course of discovery in this proceeding, Plaintiff and Defendant will produce or receive certain confidential, sensitive, or proprietary information. The Parties intend that this information be kept confidential and not be used for any purpose other than in this action. To permit full discovery while protecting confidential information, the Parties, through their respective attorneys, jointly request entry of a Protective Order as follows:

1. <u>Plaintiffs' Medical Records.</u> Plaintiffs' medical, psychological, treatment, or evaluation records which are reviewed or obtained by defendant, its representatives, or counsel, from any source in this matter through production, subpoena, or stipulation, shall be deemed to be confidential and shall be used solely for the purposes of this lawsuit, and may not be otherwise copied, disseminated, published, communicated, distributed, or used in any way except as provided for herein regardless of designation as provided for in

Section 3. In addition to medical records, Plaintiff may designate other information as confidential according to the terms of this agreement.

2. <u>Defendant's Confidential Documents.</u> Defendant's confidential or sensitive business information is that which is used by Defendants in their business and that is not generally known or would not normally be disclosed to third parties, or, if disclosed, would require such third parties to maintain it in confidence. This specifically includes but is not limited to all financial information for Busch Gardens Williamsburg, which is reviewed or obtained by plaintiff, his representatives, or counsel, from any source in this matter through production, subpoena, or stipulation, shall be deemed to be confidential and shall be used solely for the purposes of this lawsuit, and may not be otherwise copied, disseminated, published, communicated, distributed, or used in any way except as provided for herein regardless of designation as provided for in Section 3.

3. <u>Designation of Confidential Information.</u>

a. Prior to production to the opposing party, either party who produces documents in this case may designate such documents for confidential treatment by marking "Confidential" on any document (without obscuring any part of the text) it reasonably believes to contain personally or commercially sensitive, privileged, or business proprietary or trade secret information. Alternatively, a party may designate documents produced electronically as "confidential" by so stating in correspondence accompanying the disclosure of the electronic documents and sufficiently identifying the confidential documents by file name or some other method. In the event of an oversight or error in failing to designate a document as confidential, the erring party may provide a replacement copy of previously produced documents marked "confidential" and request

that the receiving party substitute the previously produced documents with the newly designated documents. Thereafter the newly designated documents shall be treated as confidential and the receiving party shall take reasonable steps to reclaim possession of any such documents which may have reached the possession of any person not authorized under this Protective Order to receive confidential documents. The receiving party and receiving counsel shall not be deemed in violation of this Protective Order due to the failure of the producing party to designate a document as confidential. With respect to answers to interrogatories or requests for admission, each page of these responses containing confidential information shall be so marked.

b. Any person giving deposition or hearing testimony in this litigation as a representative of a party, or the party so represented, may designate any or all of the testimony as confidential. The person or party desiring to designate any portion of a deposition as confidential may do so on the record while the deposition is being taken, either personally or through counsel. Additionally, a party may designate all, or any portion of; the transcript of any deposition (or any other testimony) as containing confidential information by notifying the opposing party in writing, within thirty (30) days of receipt of the transcript. All such transcripts shall provisionally be treated as confidential until the later of the date the testimony is so designated, or thirty (30) days after the transcript is received

4. <u>Use of Confidential Information.</u> All information and/or documents designated confidential shall be used solely and exclusively for the prosecution and defense of his action by the Parties, their legal counsel and staff, consulting or testifying experts, or as otherwise required by law or court order. All persons to whom confidential

documents are revealed shall be informed of these confidentiality provisions and instructed to comply with them.

No confidential information and/or documents nor any portions thereof incorporated into any pleading or paper nor any quotations therefrom, may be lodged with the Court unless the party designating the material as confidential first has the opportunity to move the court for an order requiring the material be filed under seal. Where reasonably practical, only those portions of documents consisting of confidential material shall be filed or lodged under seal. Motions or other requests to file or lodge confidential material shall be filed according to Local Rule 5. The parties understand that nothing in this order gives them the right to file documents under seal, but rather that they must comply with Local Rule 5. Each party agrees to give notice to the other party prior to filing confidential information sufficient to allow that party to comply with Local Rule 5 and to seek an order permitting sealing of the record. Nothing in this paragraph shall preclude a party from filing versions of pleadings that are redacted to remove all confidential information.

If any confidential document is attached, used, referenced, or incorporated into any expert report, deposition, written discovery, pleading, paper, or motion, such information shall retain its protected status. When confidential information is incorporated into a deposition transcript via testimony or exhibits, counsel may arrange for either separate binding or special designation of those portions of transcripts which are designated and marked as "Confidential."

5. <u>Relief from Protective Order.</u> Any party may petition the Court for relief from the terms of this agreement or for a court order as to a particular document or

documents. The Protective Order may be changed by further order of the Court, and is without prejudice to the rights of any party or non-party to move for relief from any of the provisions, or to seek or agree to additional protection for any particular document. Nothing in this Order shall prevent any party or non-party from applying for a modification of this Protective Order to resolve issues that may arise; or from applying to the Court for further or additional protective orders. In the event of any motion to modify this protective order, the receiving party shall make no disclosure of any documents designated as confidential which are at issue in such motion, until the Court enters an order requiring such modification and all appeals from such order have been exhausted. If Plaintiffs move to unseal any documents(s), Defendant retains the burden of proof, to the extent required by law.

6. <u>Redaction of Confidential Information.</u> Each party redacting information from reproduced documents subject to this Order shall prepare a log identifying the nature of the information redacted from reproduced documents in sufficient detail to allow the receiving party to determine whether a challenge to the redacted information may be appropriate. If the receiving party has a good faith basis for challenging the redaction, the receiving party shall promptly inform the producing party of such redacted document. Upon written notification that a receiving party disagrees with a redaction, counsel will confer in an effort to resolve the dispute without Court intervention. If these discussions prove unsuccessful, the receiving party may move for a ruling on whether certain information is entitled to redaction.

7. <u>Return of Confidential Material.</u> Upon final conclusion of this case and the running of the time for any appeal, all documents designated or deemed confidential

which have been produced by the opposing party or by third parties shall be returned to the producing party, including all copies made during the case. Alternatively, the documents may be securely destroyed by the party holding the documents. One copy of deposition transcripts, including those containing confidential materials, may be retained by the Parties subject to continued handling of such transcripts in a manner consistent with Section 4 of this Protective Order.

IT IS SO STIPULATED

Counsel for Plaintiff:

Ku & Mussman, P.A.

_____
M. Ryan Casey, VSB #72806
*Attorney for Plaintiff*

Counsel for Defendant:

McGuire Woods, LLP

_____
Eric B. Martin, VSB #75157
*Attorney for Defendant*

## ORDER

IT IS SO ORDERED

Dated this 5th day of January, 2012.

_____
The Honorable F. Bradford Stillman
United States Magistrate Judge